UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES HOLBROOK,

        Petitioner,

                                                          Case No. 18-11555

v.

PRISON WARDEN,

        Respondent.
_____/

**ORDER TRANSFERRING THE PETITION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Before the court is Petitioner, state prisoner Charles Holbrook, *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Upon a review of the record, the court concludes this is a second or successive petition and will transfer it to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I. BACKGROUND**

Petitioner was convicted of the following offenses in 2010: felon in possession of a firearm, Mich. Comp. Laws § 750.224f; accosting a child for immoral purposes, Mich. Comp. Laws §750.145a; two counts of possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(4); two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2); and two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2). (*See* Dkt. #1, Page ID 9); *People v. Holbrook*, No. 298869, 2011 WL 5064266 (Mich. Ct. App. Oct. 25, 2011).

Petitioner asserts that he was sentenced to prison for fifteen to forty years. The Michigan Court of Appeals affirmed his convictions, *see Holbrook,* 2011 WL 5064266, and on July 24, 2012, the Michigan Supreme Court denied leave to appeal. *See People v. Holbrook*, 817 N.W.2d 78 (Mich. 2012).

On May 16, 2018, Petitioner commenced this action. He alleges that he is being held in state prison in violation of his right to due process. He claims that he has not been allowed to defend himself, that no crime was committed, that the State has no evidence of any crime, and that the State failed to establish criminal intent. Holbrook further alleges that his rights under the Federal and Michigan Constitutions have been violated and that the search warrant in his case is "not worth the paper it is written on." (Dkt. # 1, Pg. ID 3.) Petitioner also contends that his attorneys "sold him out" and that he should have been released on bond pending an appeal because he was "not a threat to any persons or property." (*Id.* at 10.)

## II. DISCUSSION

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition . . . ." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 661 (2018). AEDPA also "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive ' petition in district court." *Id.* (citing 28 U.S.C. § 2244(b) and *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2015)). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization from the appropriate court of appeals, the district

2

court must transfer the document to the court of appeals. *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

This is not Petitioner's first habeas petition—he has filed *several* other habeas petitions in federal court. *See Holbrook v. Rivard*, Case No. 17-13268, Order of Transfer, p. 1, n.1 (E.D. Mich. Oct. 30, 2017) (collecting cases). In a petition filed in 2013, Petitioner challenged the same state convictions that are at issue here, and he raised claims regarding the sufficiency of the evidence and the admission of certain evidence at trial. Another judge in this District found no merit in the claims and denied the petition. *See Holbrook v. Rapelje*, Case No. 13-13137 (E.D. Mich. Apr. 1, 2016).

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition, and this court lacks jurisdiction to consider second or successive habeas petitions without pre-authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017). Accordingly,

IT IS ORDERED that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47.

/s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 6, 2018, by electronic and/or ordinary mail.

        /s/Lisa Wagner_____
        Case Manager and Deputy Clerk
        (810) 292-6522